IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVERETT GRISSOM,

    Petitioner,                    No. CIV S-09-0040 JAM KJM P

  vs.

MIKE KNOWLES,

    Respondent.                 ORDER

_____/

        Petitioner is a prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has filed several motions: (1) a motion to stay and hold this action in abeyance; (2) a motion for an extension of time in which to respond to the respondent's motion to dismiss; and (3) two motions to appoint counsel.

        In moving for a stay, petitioner states that he has "a new and unexhausted claim in the Superior Court[,] which claim is related to the same issue [original petition]." Mot. at 1 (Docket No. 20). If petitioner exhausts a related claim at some time in the future, and if that claim is denied at every stage of the state habeas proceedings, then petitioner may move the

1

court for leave to amend to add that claim.[1]  However, there is no ground for holding the current petition in abeyance while the "new" claim moves through the state habeas process.

Meanwhile, petitioner has also asked for additional time in which to respond to the motion to dismiss.  Respondent does not allege that the present claims are unexhausted; rather, he has moved to dismiss the petition on the bases that it is untimely and does not state a claim that warrants federal relief.  Good cause appearing, the motion for an extension of time will be granted.

Finally, petitioner has twice moved for the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In this case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Therefore the motions for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  The motion to stay (Docket No. 20) is denied;

2.  The motions for appointment of counsel (Docket Nos. 21 and 23) are denied; and

3.  The motion for an extension of time (Docket No. 22) is granted.  Petitioner has thirty days from the entry of this order in which to file a response to the motion to dismiss.

 DATED: January 6, 2010.

_____
U.S. MAGISTRATE JUDGE

4
gris0040.ord

---

[1] Petitioner does not describe his "new" claim or how it is "related" to the issues already alleged in the instant petition.  In noting the possibility of later amending the petition, the court states no opinion on whether it would grant or deny a motion to add this undefined, "new" claim.