1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  LEVERETT GRISSOM,

11          Petitioner,            No. 2:09-cv-0040 JAM KJN P

12      vs.

13  MIKE KNOWLES, Warden,

14          Respondent.        FINDINGS AND RECOMMENDATIONS
                        /

15  I. Introduction

16
          Petitioner is a state prisoner proceeding without counsel with a petition for writ of
17
    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2006 Board of Parole
18
    Hearings (BPH) decision that found petitioner unsuitable for parole.
19
          Pending before the court is respondent's November 16, 2009 motion to dismiss on
20
    the grounds that (1) this action is barred by the statute of limitations and (2) petitioner's second
21
    claim does not state a federal claim.  Dkt. No. 19.  Petitioner filed an opposition and respondent
22
    filed a reply.  Dkt. Nos. 26, 28.  After carefully considering the entire record, the court
23
    recommends that respondent's motion to dismiss be granted and this case closed.
24
    II. Motion to Dismiss
25
          The statute of limitations for federal habeas corpus petitions is set forth in 28
26

1  U.S.C. § 2244(d)(1):

2      A 1-year period of limitation shall apply to an application for a writ
       of habeas corpus by a person in custody pursuant to the judgment
3      of a State court.  The limitation period shall run from the latest of–

4      (A) the date on which the judgment became final by the conclusion
       of direct review or the expiration of the time for seeking such
5      review;

6      (B) the date on which the impediment to filing an application
       created by State action in violation of the Constitution or laws of
7      the United States is removed, if the applicant was prevented from
       filing by such State action;

8
       (C) the date on which the constitutional right asserted was initially
9      recognized by the Supreme Court, if the right has been newly
       recognized by the Supreme Court and made retroactively
10     applicable to cases on collateral review; or

11     (D) the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
12     diligence.

13         The statute of limitations for habeas petitions challenging parole suitability

14  hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or

15  claims could have been discovered through the exercise of due diligence.  Redd v. McGrath, 343

16  F.3d 1077 (9th Cir. 2003).  At the time the Ninth Circuit decided Redd, suitability decisions

17  could be administratively appealed.  Id. at 1084.  In Redd, the Ninth Circuit held that the factual

18  basis of the petitioner's claims challenging a parole suitability hearing could have been

19  discovered through the exercise of due diligence when the BPH denied the administrative appeal.

20  Id.

21         Since Redd, the administrative review process for parole suitability hearings has

22  been eliminated.  According to the transcript from petitioner's April 26, 2006 suitability hearing

23  before the BPH, the decision finding petitioner unsuitable for parole became final on August 24,

24  2006.  Motion to Dismiss (MTD), Exh. A at 101.

25         The statute of limitations began to run the next day, on August 25, 2006.

26  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is until

2

1    August 25, 2007, to file a timely federal petition, absent applicable tolling.  The instant action

2    was received by the court on January 6, 2009.  However, petitioner indicated that he provided the

3    petition to prison authorities on October 2, 2008, but the petition was returned to him on

4    December 18, 2008, and petitioner once again gave the petition to prison authorities on

5    December 23, 2008.  Opposition at 8.  In his opposition, petitioner refers to exhibits to support

6    this contention, however no exhibits were annexed to the opposition.  The court will provide

7    petitioner the benefit of the mailbox rule[1] and deem the petition filed on October 2, 2008.

8    Nevertheless, the petition is not timely unless petitioner is entitled to statutory or equitable

9    tolling.

10          Petitioner filed five state post-conviction collateral actions:

11          1.  April 13, 2007: First habeas petition filed in the California Supreme Court.
             MTD at 67.[2]  The petition was denied on September 12, 2007.  Id. at 50.
12
             2.  February 5, 2008: Second habeas petition filed in the Los Angeles Superior
13           Court.  MTD at 18.  The petition was denied on May 30, 2008.  Id. at 8-9.

14          3.  June 25, 2008: Third habeas petition filed in the California Court of Appeal,
             Second Appellate District.  MTD at 93.  The petition was denied on July 17, 2008.
15          Id. at 85.

16          4.  July 12, 2008:[3] Fourth habeas petition filed in the California Court of Appeal,
             Second Appellate District.  MTD at 108.  The petition was denied on August 18,
17          2008.  Id. at 100.

18          5.  June 25, 2008: Fifth habeas petition filed in the California Supreme Court.
             MTD at 147.  The petition was denied on September 17, 2008.  Id. at 139.
19

20          [1] The court affords petitioner application of the mailbox rule as to all his habeas filings in
     state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se
21   prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v.
     Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who
22   delivers habeas petition to prison officials for the court within limitations period).  In any event,
     the mailbox rule is inconsequential in this case.
23
            [2] The court has referred to all page numbers as they appear on the court's electronic filing
24   system, as respondent's exhibits are not numbered consecutively.

25          [3] If petitioner's dates are accurate, then it appears petitioner's fourth and fifth petitions
     were filed while the third petition was still pending.  For the reasons set forth below, the exact
26   date of filing of these petitions is irrelevant.

1   Petitioner filed the instant petition on October 2, 2008.

2                    Statutory Tolling

3               Under AEDPA, the period of limitation is tolled while a "properly filed"

4   application for state post-conviction or other collateral review is pending.  28 U.S.C. §

5   2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the

6   petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the

7   statute of limitations during the intervals between a lower court decision and the filing of a

8   petition in a higher court during one complete round of appellate review ("interval tolling").  See

9   Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

10              The Supreme Court has explained that in order for a state habeas petition to be

11  "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in

12  compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408,

13  413-14 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace v.

14  DiGuglielmo, 544 U.S. at 417.  "When a post-conviction petition is untimely under state law,

15  that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414.  Under such circumstances,

16  the petitioner is not entitled to statutory tolling.  Id. at 417.

17              Petitioner's first state petition filed in the California Supreme Court on April 13,

18  2007, occurred approximately 231 days after judgment became final.  Respondent concedes that

19  petitioner is entitled to statutory tolling during the pendency of the that petition.  MTD at 3.

20  Accordingly, petitioner is entitled to tolling for the period from April 13, 2007, the date the

21  petition was filed, to September 12, 2007, the date the state petition was denied, 152 days.  With

22  this tolling, petitioner had until approximately January 24, 2008 to timely file his federal petition.

23              The first state petition was denied on September 12, 2007, but petitioner's second

24  petition in Los Angeles Superior Court was not filed for nearly five months, approximately 146

25  days, until February 5, 2008.  Petitioner is not entitled to statutory tolling for the nearly five

26  month delay between the denial of his first petition and the filing of the second petition.  See

                                          4

1  Evans v. Chavis, 546 U.S. at 201 (2006); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th

2  Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to "gap" tolling for

3  intervals between California state habeas filings of 15 months, 18 months, and 10 months, given

4  length of delays, lack of clear statement from California legislature or courts that delays of such

5  length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of

6  Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of

7  97 and 71 days between the denial of one state petition and the filing of the next petition

8  constituted unreasonable delays such that the intervals cannot be tolled under Chavis).

9          The second state petition was filed on February 5, 2008, 12 days after the statute

10  of limitations for filing a federal petition expired.  Petitioner is not entitled to statutory tolling for

11  the second, third, fourth and fifth petitions as all of these petitions were filed after the expiration

12  of the limitations period which occurred, with tolling, on January 24, 2008.  State habeas

13  petitions filed after the one-year statute of limitations has expired do not revive the statute of

14  limitations and have no tolling effect.[4]  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

15  2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

16          Thus, the instant federal petition filed on October 2, 2008, is untimely unless

17  petitioner is entitled to equitable tolling.

18                      Equitable Tolling

19          Petitioner argues that he is entitled to equitable tolling for separate periods of time

20  due to working in a prison job and being transferred to a different prison in September 2007.[5]

21          The AEDPA's one-year statute of limitations is subject to equitable tolling but

22  only if a petitioner can show " '(1) that he has been pursuing his rights diligently, and (2) that

23

24          [4] As a result, the court need not address whether the remaining state habeas petitions were
properly filed and would have tolled the statute of limitations.

25          [5] Petitioner was also transferred to a different in prison in March 2008, but equitable
tolling for that time period would not benefit petitioner as the time to file a federal petition had
26  already expired.  Thus, the court will not address that argument.

1  some extraordinary circumstance stood in his way' and prevented timely filing." Pace v.

2  Diguglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would

3  give rise to tolling.  Pace, 544 U.S. at 418.  "Equitable tolling is unavailable in most cases," and

4  is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it

5  impossible to file a petition on time."  Miranda v. Castro, 292 F.3d 1063, 1066 (2002) (internal

6  quotations/citations omitted [emphasis added in Miranda]).  A petitioner must reach a "very

7  high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the

8  rule."  Id.

9        The Ninth Circuit found extraordinary circumstances in Calderon v. U. S. District

10  Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  The three reasons given which

11  independently justified tolling were:  a district court stay which prevented petitioner's counsel

12  from filing a habeas petition; mental incompetency until a reasonable time after the court makes

13  a competency determination; and the fact that petitioner did at one time have timely habeas

14  proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner.

15  Id. at 541-42.  See also Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified

16  rejection of a petition justified partial tolling); Miles v. Prunty, 187 F.3d at 1107 (delay by prison

17  in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were

18  circumstances beyond his control, qualifying him for equitable tolling); Stillman v. Lamarque,

19  319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation coordinator

20  broke a promise to petitioner's counsel to return a signed petition for timely filing); Spitsyn v.

21  Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as

22  wholly deficient performance, may justify equitable tolling).

23        Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11 (C.D. Cal. 1997),

24  the court found that a petitioner's circumstances were not extraordinary in the following

25  circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

26  preventing the prisoner's access to the library and a typewriter which were necessary to his

1   motion.  See also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's

2   miscalculation of limitations period "and his negligence in general do not constitute

3   extraordinary circumstances sufficient to warrant equitable tolling"); Tacho v. Martinez, 862

4   F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to

5   justify cause to excuse procedural default); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)

6   (prisoner's unfamiliarity of law did not toll statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269,

7   1273 (D.Haw. 1999) (lack of legal expertise does not qualify prisoner for equitable tolling);

8   Henderson v. Johnson, 1 F.Supp.2d 650, 656 (N.D. Tex. 1998) (same); Fadayiro v. United States,

9   30 F.Supp.2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable

10  tolling).

11          Petitioner first argues that he is entitled to equitable tolling as he was working in a

12  prison job from March 2006 through July 2007.  Opposition at 5.  Petitioner contends that his

13  hours varied from 8:00 am to 3:15 pm, 8:00 am to 5:00 pm and at other times 8:00 am to

14  7:15pm.  Id.  Petitioner states that this work schedule prevented him from adequately developing

15  his claims in a timely fashion.  Petitioner has not cited to, nor is the court aware of any authority

16  to provide equitable tolling in this situation.  Petitioner has not met his burden in demonstrating

17  that his work schedule was an extraordinary circumstance to justify equitable tolling.

18          Petitioner next argues that he was transferred to another prison on September 26,

19  2007, and had to wait approximately two weeks before he received his personal property that

20  contained his legal materials.  Opposition at 6-7.

21          This prison transfer occurred just after the September 12, 2007 denial by the

22  California Supreme Court of petitioner's first state habeas petition.  However, petitioner did not

23  file his second petition until February 5, 2008.  Petitioner provides no evidence or exhibits in

24  support of this argument and provides no additional information how this two week span without

25  his legal materials attributed to the nearly five month delay between state petitions.

26          Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace,

1  544 U.S. at 418.  "The petitioner must additionally show that 'the extraordinary circumstances

2  were the cause of his untimeliness'... and that the 'extraordinary circumstances ma[de] it

3  impossible to file a petition on time.'"  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)

4  (internal citations omitted).

5         Petitioner's bare allegations are insufficient to provide for equitable tolling.  See

6  Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (petitioner's general allegations of denial

7  of access to legal files were insufficient to justify equitable tolling); Waldron-Ramsey v.

8  Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) (petitioner failed to meet the "burden of showing

9  his own diligence and that the hardship caused by lack of access to his materials was an

10  extraordinary circumstance that caused him to file his petition almost a year late.")

11        Thus, petitioner is not entitled to equitable tolling and this case should be

12  dismissed for being filed after the expiration of the statute of limitations.  As the court is

13  recommending that the petition be dismissed for being untimely, the court will not discuss if

14  petitioner's second claim is an inappropriate federal claim

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1    Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 16,

2    2009 motion to dismiss (Dkt. No. 19) be granted and this case closed.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5    one days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8    objections shall be filed and served within fourteen days after service of the objections.  The

9    parties are advised that failure to file objections within the specified time may waive the right to

10   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   DATED:  March 23, 2010

12

13

14

15   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

16

17   gris0040.mtd

18

19

20

21

22

23

24

25

26